IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ORIGINAL

FILED
DEC 19 2005
U.S. COURT OF FEDERAL CLAIMS

SELPA CONSTRUCTION & RENTAL CORP.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,

Defendant.

Case No. 05-1329C

## COMPLAINT

**TO: The United States Court of Federal Claims**

COMES NOW Plaintiff Selpa Construction & Rental Corp. (hereafter "**Selpa**"), by and through its undersigned counsel, and for its complaint against the United States of America, United States Postal Service (hereafter the "**Government**"), respectfully states, alleges, and requests as follows.

## I. INTRODUCTION.

1. This case arises out of a contract for the renovation and construction of a post office in Fajardo, Puerto Rico. Selpa was awarded a contract for the project by the Government in February 2001, and given a notice to proceed with the work required thereby. The work was to be completed within two hundred seventy (270) calendar days. From the beginning of the work, Selpa encountered numerous errors and deficiencies in the drawings and specifications for the work, and encountered differing site conditions, all of which warranted change orders to the contract. The Government acknowledged the numerous errors and deficiencies in the drawings and specifications for the project, as well as the differing site conditions encountered. The Government granted change orders substantially extending the time for performance of the

contract, by more than two hundred percent (200%). Nevertheless, the process by which the change orders were approved was excessively long, and the Government refused to compensate Selpa for any of the costs associated with the delays to its work. Rather, the Government compelled Selpa to execute a waiver of claims in each of the change orders it granted extending the time for performance, under the constant threat of a termination for default if Selpa did not sign the waivers. Selpa filed a claim for extended overhead in October 2003, which it certified in October 2004, and which the Government denied on December 22, 2004. Selpa hereby files this timely appeal to this Honorable Court.

## II. JURISDICTION.

1. This Honorable Court has jurisdiction pursuant to the Contract Disputes Act, in particular, 41 U.S.C.A. § 609, inasmuch as the Government denied Selpa's claim for extended overhead.

## III. FACTS COMMON TO ALL CAUSES OF ACTION.

2. Selpa is a corporation organized and existing under the Laws of Puerto Rico.

3. Selpa's principals have been engaged in construction for more than 20 years.

4. On May 12, 2000, the Government issued a solicitation package for the renovation and expansion of the Fajardo post office in Fajardo, Puerto Rico (hereafter the "**Project**"), Solicitation Package 332495-00-A-0042.

5. The construction contract for the Project was awarded to Selpa on February 6, 2001, Award No. 332495-00-B-0221 (hereafter the "**Contract**").

6. The time in which Selpa was required to achieve the substantial completion of the

work on the Project required by the Contract (hereafter the "**Work**") was two hundred seventy (270) calendar days (hereafter the "**Contract Time**").

7. The substantial completion of the Project was to occur by November 15, 2001.

8. The Notice to Proceed with the Work was dated February 7, 2001, and was signed on February 14, 2001.

9. Mr. Dane Weir was designated as the Contracting Officer and Mr. Robert Manka as the Contracting Officer's Representative for the Government, as per Mr. Weir's letter dated February 7, 2001.

10. As early as March 15, 2001, Selpa advised the Government that there were significant errors in the drawings for the Project, consisting of contradictory dimensions and the lack of a design for the support of a portion of a roof, following the demolition of a back wall.

11. By March 22, 2001, Selpa advised the Government of a substantial differing site condition consisting of non-bearing soil beneath an existing court that was demolished to make way for an expansion of the main building.

12. By April 2001, the Project was at a standstill pending the resolution of the issues relating to the non-bearing soil and the lack of support for a portion of the roof.

13. The Project was substantially delayed pending the preparation and execution of change orders to the Contract and the Government's clarification of the errors in the drawings for the Project.

14. Selpa notified the Government on numerous occasions that the Project was being delayed by the slow pace at which the corrections to the defective drawings were being made, and by the lack of diligence of the Government in the processing of necessary change orders.

15. Selpa's entreaties to the Government went unheeded.

16. Change orders to the Contract were eventually granted by the Government, which change orders included extensions of the Contract Time.

17. The change orders to the Contract which awarded Selpa extensions of the Contract Time included Change Order No. 1 (18 days), No. 2 (64 days), No. 3 (35 days), No. 5 (332 days), No. 7 (21 days), and No. 8 (93 days), all of which extended the Contract Time by a total of five hundred sixty-three (563) calendar days.

18. When it prepared each of the change orders to the Contract which extended the Contract Time, the Government refused to equitably adjust the Contract price to account for Selpa's extended overhead costs during the delay involved therein.

19. When Selpa executed each of the change orders to the Contract which provided for an extension of the Contract Time, the Government required Selpa to execute a waiver of Selpa's right to submit any claim for the costs associated with the change order.

20. The Government advised Selpa at the time it executed each of the change orders to the Contract which provided for an extension of the Contract Time that, if Selpa did not executed the change order containing the waiver of claims, the Government would terminate the Contract for default by Selpa, for not completing the Contract in a timely manner.

21. On June 2003, Selpa submitted a claim to the Government claiming and equitable adjustment in the form of extended overhead for a period of two hundred thirty (230) calendar days, in the total amount of $424,850.25 (hereafter the "**Selpa 230 Day Overhead Claim**").

22. Selpa neglected to certify the Selpa 230 Day Overhead Claim.

23. Selpa submitted a certified version of the Selpa 230 Day Overhead Claim on October 25, 2003.

24. On December 22, 2004, the Government denied the Selpa 230 Day Overhead Claim.

25. The Selpa Overhead Claim is based on the time the Project was delayed pending the Government's resolution of the following issues:

> **a. Non-bearing soil:** Selpa discovered a differing site condition early in the construction, giving notice to the Government on around March 22, 2001. The issue was resolved some 138 days later, on August 6, 2001, when the Goverment issued Change Order No. 1.
>
> **b. Backwall:** Selpa discovered that a portion of the roof would lack structural support if the backwall was demolished as required by the drawings. Selpa gave notice to the Government on around March 15, 2001. The issue was resolved some 152 days later, on August 13, 2001, when Selpa received revised drawings and instructions to continue work in that area.
>
> **c. Footings:** The Government ordered Selpa to stop work on the footings due to a design error. The work was stopped on or about March 7, 2001. Revised drawings were delivered to Selpa on or about May 16, 2001, at which point in time Selpa had to demolish part of the footings already built, to make the footings conform to the revised design. The impact to the Project was 69 days.
>
> **d. Floor Slab:** The elevation of part of the floor slab was erreneous in the drawings. Selpa advised the Government of this issue on or about April 25, 2001. The Government instructed Selpa to increase the elevation of the existing slab by 3 inches on or about August 14, 2001. The impact to the Project was 111 days.

26. The combined impact of the issues finally resolved as described in the preceding paragraph resulted in a two hundred thirty (230) day delay which was on the critical path of the Project.

27. Selpa's daily overhead while it remained at the Project totalled $1,679.25.

28. Selpa is entitled to $386,227.50, plus 10% profit, for a total of **$424,850.25** for the Selpa 230 Day Overhead Claim.

WHEREFORE, Selpa Construction & Rental Corp. respectfully requests from this Honorable Court that it grant Selpa's claim in the amount of $424,850.25.

Respectfully submitted in Washington, D.C., on December 19, 2005.

Stuart A. Weinstein-Bacal

Liana Colón Valentín

WEINSTEIN-BACAL & MILLER, P.S.C.
González Padín Building - Penthouse
154 Rafael Cordero St., Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone: (787) 977-2550
Telecopier: (787) 977-2559
Email: swb@w-bmlaw.com
lcv@w-bmlaw.com