# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SELPA CONSTRUCTION &, RENTAL CORP | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1329C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO TRANSFER

Pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609(d), defendant requests that this case be transferred to the United States Postal Service Board of Contract Appeals ("PSBCA" or the "board") for consolidation with its closely related cases, Selpa Construction & Rental Corp., Under Contract No. 332495-00-B-0221, PSBCA Nos. 5039, 5142, 5145. Plaintiff's counsel has been contacted and has indicated that he consents to this motion.

## **Statement of Facts**

In February 2001, the United States Postal Service ("USPS" or "Postal Service") awarded Selpa Construction & Rental Corp. ("Selpa") Contract No. 332495-00-B-0221 for the renovation and expansion of the post office facility in Fajardo, Puerto Rico. Compl. ¶¶ 4, 5. On July 8, 2003, this contract was terminated for default. See Def. App. 3.[1]

On or about September 23, 2003, Selpa filed a six count complaint with the PSBCA that was docketed as PSBCA No. 5039.

[1] "Def. App. ___" refers to the appendix attached to defendant's unopposed motion to transfer.

Def. App. 1-6. This complaint included plaintiff's claim for extended overhead. Id. at 6. Selpa, however, had failed to properly present many of its specific claims (including extended overhead) to the contracting officer for a final decision. Accordingly, the board directed Selpa to file its claims with the contracting officer for a final decision.

On October 19 and 25, 2003, Selpa submitted its claims to the contracting officer for works not paid, changes, and extended overhead. See Def. App. 7, 9. On December 1, 2003, the contracting officer issued final decisions denying Selpa's claims and issuing a modification in the amount of $4,105.88. Id. at 7-8, 9-10.

On or about March 4, 2004, Selpa appealed these final decisions to the PSBCA. Def. App. 11-12. The PSBCA docketed this appeal twice, as PSBCA Nos. 5142 and 5145. On or about May 27, 2004, the Postal Service filed its answer with the board.

Selpa, however, had apparently neglected to properly certify the extended overhead portion of its claims. Accordingly, the PSBCA required that Selpa re-file this portion of its claims with the contracting officer with the required certification. See Def. App. 13-14, 15. On or about November 10, 2004, in accordance with the instruction of the PSBCA, Selpa re-sent its extended overhead claims to the contracting officer, with the required certification. Def. App. 15-17. On December 22, 2004,

the contracting officer again issued a final decision denying Selpa's claims for extended overhead. Def. App. 18-19. The contracting officer concluded that the Postal Service had already granted compensation and/or time extensions for the delays at issue. Id. He noted that the modifications documenting those grants included an agreement that the modifications constituted full and complete satisfaction for all direct costs, indirect costs, impact and delay costs. Id. Therefore, the contracting officer denied Selpa's claims for extended overhead. Id.

While Selpa was to refile its extended overhead claims with the board, Selpa apparently failed to do so within 90 days of the contracting officer's final decision, as required by law. On December 19, 2005, plaintiff timely filed in this Court an appeal of the contracting officer's final decision denying its claims for extended overhead.

**Argument**

Judicial efficiency requires the full equitable resolution of a suit in one judicial forum, when possible. Congress has provided the means for this Court to accomplish a more efficient resolution of cases arising from the same contract, "filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice." 41 U.S.C. § 609(d).

In Glenn v. United States, 858 F.2d 1577, 1579 (Fed. Cir. 1988), Mr. Glenn timely appealed the contracting officer's final liability decision to the ASBCA. While the liability appeal was pending, the contracting officer issued a final quantum decision, which Mr. Glenn did not timely appeal to the ASBCA. Id. Upon encouragement from the board, Mr. Glenn filed a timely appeal with this Court, and subsequently filed an unopposed motion to transfer the case to the ASBCA, pursuant to 41. U.S.C. § 609(d). Id. The motion was denied to avoid "'distort[ing] the appeal procedure'" by allowing transfer to the ASBCA after the failure of a timely appeal to the board. Id. Mr. Glenn appealed. The United States Court of Appeals for the Federal Circuit held that § 609(d) is not limited by a plaintiff's failure to file a timely appeal to an agency board. Id. at 1581. The appellate court remanded the case to this Court with instructions to transfer Mr. Glenn's appeal to the ASBCA. Id. Upon transfer, the ASBCA would "proceed to review the liability decision, and . . . the quantum decision, the former under its appellate jurisdiction, the latter under the aegis of a transfer for convenience of the parties under section 609(d)." Id.

As in Glenn, transfer of this case to the PSBCA is appropriate "for the convenience of parties." Further, because of the possibility of duplicate or conflicting determinations in this case, transfer is also "in the interest of justice." For

the foregoing reasons, defendant requests that the Court grant this motion for transfer to the PSBCA to be consolidated with Selpa Construction & Rental Corp., Under Contract No. 332495-00-B-0221, PSBCA No. 50395.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 616-2377
Fax: (202) 305-7643

Attorneys for Defendant

Of Counsel:
Michael F. Kiely
Barbara H. Frazier
United States Postal Service
Law Department

February 17, 2006

CERTIFICATE OF FILING

I hereby certify that on this 17th day of February 2006, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO TRANSFER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager