DOCKET NO. PCA 5039
BmB

BEFORE THE UNITED STATES POSTAL SERVICES
BOARD OF CONTRACT APPEALS

'03 SEP 23 12:56

| | | |
|---|---|---|
| Appeal of | * | September 18, 2003 |
| | * | RECEIVED USPS RECORDER |
| SELPA CONSTRUCTION & RENTAL CORPORATION | * | |
| | * | |
| Under Contract No. 332495-00-B-0221 | * | PSBCA No. 5039 |

COMPLAINT

Selpa Construction & Rental Corporation (Appellant), for its Complaint against the United States of America acting through the US Postal Services, alleges upon information and belief as follows:

1. Selpa Construction & Rental Corp. is a domestic corporation, with its principal place of business at San Juan, Puerto Rico. At all times relevant hereto, Selpa Construction & Rental, Corp. was engaged in the business of construction and is properly licensed to transact business in Puerto Rico.

2. The United States of America in this matter is the United States Postal Services; NY Facilities Service Office 2 Hudson Place - 5th Floor , Hoboken, NJ.

3. Jurisdiction is vested in the United States Postal Services Board of Contract Appeals over this appeal of the Contracting Officer's denial of Appellant's claim in accordance with the Contract Disputes Act of 1978, 41 U.S.C. 601 *et seq.*

4. Selpa Construction was awarded Contract No. 332495-00-B-0221 on February 14, 2001 in the amount of Two Million Two Hundred Eighty Eight Thousand Dollars ($2,288,000.00) for the Renovation & Expansion of a POSTAL OWNED STRUCTURE into a 17,300 SQ Ft. MAIN POST OFFICE FACILITY in Fajardo.

5. The Contract incorporates by reference certain FAR clauses for (fixed price / cost reimbursement) contracts as specifically stated in the Contract.

6. A dispute between the parties arose regarding the following:

A. On June 16, 2003 Selpa Construction answered to the Contracting Officer, Mr. Dane Weir a Show Cause letter dated May 28, 2003 where it explained and demonstrated all the elements and reasons related why Selpa Construction should not be declared in default for the forementioned project. Also, by the facts that there were no negligence or direct fault on Selpa Construction Corp. The letter finished explaining that Selpa Construction have never abandoned the project site, but kept working until that moment. (See E-1)

B. The Contracting Officer said on his letter that in the last months Selpa Construction's progress on the project has slowed dramatically. Nevertheless, on Selpa's letter dated May 27, 2003 answering the Contracting Officer's Cure Notice Letter it was demonstrated by facts that, from December 2002 thru May 2003, the different works in the project have improved 9% to an almost built percentage of 97%, according to the weekly minutes and in the opinion of the U.S.P.S. representative. (SeeE-3)

C. As an additional proof of this, Mr. Robert Manka agrees with that fact on a previous visit to Puerto Rico; where he noticed the great improvements in the project. (See E-4)

D. On letter dated June 24, 2003, Selpa Contruction Corp. made a proposal to the U.S.P.S. Contracting Officer, where the U.S.P.S., with the permission of the Contractor and his Bank, (Scotiabank of Puerto Rico) would make direct payments to the remaining subcontractors and suppliers of the project, until the works were finished. The Contracting Officer of U.S.P.S. never answered Selpa Construction's proposal. All this was made with the only purpose to finish the project and to complete the works there. (See E-5)

E. On July 3, 2003 and after a telephone conversation with Mr. Robert Manka, U.S.P.S. Project representative, where the Contractor asked him for a letter of the financial status of the project, Mr. Manka agreed, and asked for a written request, that was quickly delivered to him via Fax. This, because

Scotiabank agrees to authorize U.S.P.S. to make direct payments to finish the project, and they want a written confirmation of the remaining balances from U.S. P. S. (See E-6)

F. On July 8, 2003 and, because Selpa doesn't have an answer, since July 3 about the proposal of June 24, neither the remaining balance letter of July 3; Mr. Manka was called again. He alleged that he has not received the letter. *The letter was refaxed, and he promised to send it during the day. The* letter was not received and on the morning of July 9, a balance letter was sent and a second page was received: A Default Notice. (See E-7 & E-8)

G. It is very strange for Selpa Construction that we don't receive any personal notification about the answer to our proposals; neither a notification from U.S.P.S. requesting additional information; and also the fact that we received a barely readable Notice of Termination for Default via fax in the morning of July 9 that was dated July 8, and received one via mail dated July 7. (See E-8 E-9)

H. Even after subsequent letters dated July 15, 2003, July 22, 2003, July 25, 2003, and August 14, 2003, we don't receive any calls or letters from the *Contracting Officer related to his decision nor about the appealing process; even* though we have sent them VIA CERTIFIED MAIL. (See E-10, E-11, E-12, E-13, E-14, E-15, E-16)

I. <u>Claim for a Compensation</u>

Due to the decision of the U.S.P.S., issuing a NOTICE OF DEFAULT for the *forementioned project (without prior notice, without analyzing the proposal from* Selpa Construction to finish the remaining works, and without considering the percentage of completion of the project (97%) and knowing that we have a claim in the court against the surety company in that moment to finish the works) Selpa Construction & Rental Corp. has been affected in its good standing name and qualifications of 22 years; stigmatizing and making irrecoverable damage to them with the sureties and bonding companies in Puerto Rico, avoiding them from that

moment on to get any bonds for future works; jeopardizing its presence in the general construction market of Puerto Rico as a reliable company.

Amount Claim $5,150,000.00

II. Claim For Requested Works not Paid

1. The following are modifications requested by the U.S.P.S. or the U.S.P.S. Engineers of this project, already finished and that are still unpaid; even after the U.S.P.S. gave Selpa a Notice of Default (See Exhibit E-17)

A. Construction of the front side canopy

B. Modification #7 (Electrical Substation)

C. Fabrication of 26 special unithrusts for installation of lamps

AMOUNT CLAIM $18,757.00

III. Claim of Change Orders Already Made, Still Unpaid

2. These were change orders requested by the U.S.P.S., its representatives or their engineers contracted for this project, and that after being made are still unpaid. (See Exhibit E-17)

A. Change from regular acoustic ceiling (white) tiles to black tiles in the Investigative Office.

B. Fabrication / Installation of handrails / railings in the Mechanical Room.

C. Construction of a new fascia in the loading dock to hide an air duct, due to a mistake in the drawings.

AMOUNT CLAIM $3,105.88

IV. Claim for a Payment Check

On April 29, 2003 and, without prior notification, Mr. Robert Manka from the U.S.P.S. wrote a letter where, and without previous authorization from the Contractor nor his Bank, changed from that moment on to tri-payment checks. Because at that moment U.S.P.S. has already received our certification for payment for the month of April, the content of that letter would apply only starting in the May certification of payments. This action has provoked serious

problems with the financial institution. We are claiming that the check of $109,299.50 that belongs to April must be reissued with dual payment already approved: Selpa Construction & Scotiabank. (See Exhibit E-18)

AMOUNT CLAIM $109,299.50

V. <u>Claim for Unpaid Money for the Works Performed During the Month of April & Mid-May</u>

The U.S.P.S. has not paid until this moment the work performed during the month of April 15, 2003 thru May 15, 2003, even though the Invoice of Certification for Payment was approved and signed by the A-E Representative of U.S.P.S. in the project.

AMOUNT CLAIM $35,920.00

VI. <u>Claim for an Extended Overhead</u>

Due to several factors out of the control of Selpa Construction & Rental Corp. among others, serious mistakes / differences found in the drawings, exxagerated waiting time from the designers of the project (URS) to analyze and bring solutions, extended waiting time from U.S.P.S. to approve and later assign the funds to perform some critical change orders, that were necessary to develop the job, the forementioned project was paralyzed for more than 5-1/2 months after the Contractor receive their Notice to Proceed.

AMOUNT CLAIM $387,837.50

This situation involved additional costs and expenses not contemplated / nor figured in the project quotation (See Exhibit E-19, E-20, E-21, E-22)

Selpa Construction timely appealed the Contracting Officer's final decision.

Dated: September 18, 2003

Respectfully submitted,

By: Luis Selpa, Jr.
General Manager

NEW YORK FACILITIES SERVICE OFFICE

UNITED STATES POSTAL SERVICE

December 1, 2003

Mr. Luis G. Selpa, Jr., General Manager
Selpa Construction & Rental Equipment Corp.
P.O. Box 3089
Carolina, PR 00984-3089

Certified Mail #7000 0600 0022 1461 5530

RE: Additional Work and Un-paid Work Claim
New Construction Owned Project
Fajardo, PR Main Post Office
Contract No: 332495-00-B-0221

Dear Mr. Selpa,

This letter responds to your claim dated October 19, 2003. After having given it thorough consideration, my final decision, as a Contracting Officer, is as follows:

Your claim states that Selpa Construction performed work in good faith for which the USPS never issued the appropriate modifications to the contract for compensation, I have determined that:

A) The work you claim for the front side canopy framing revamp in the field was covered by the construction documents and was your firm's responsibility to perform.
B) The work you claim for revamping the Investigative Office's floor was not additional to the contract. The floor as designed has been previously installed at other Postal facilities without incident. Further, your firm performed the work alleged to be extra without written authorization from the Postal Service to do so.
C) There are scope-of-work changes associated with:

1) The changing of the acoustical tile in the Inspector's Office from white to black - $450.
2) The revamp of the twenty-six (26) "Unistruct" lamp supports along the Rent-A-Box Wall Area - $630.
3) The fabrication & installation of railings in the Mechanical Room - $1,745.55.
4) The installation of a fascia system in the Loading Dock Area - $1,910.33

These changes (1-4 above) do represent work performed by Selpa Construction for which a modification in the amount of $4,105.88 is appropriate. This modification will be issued based on the stated values for the above work. As your Surety Company has taken over the project and demanded that all future payments be sent to them, I must comply with that demand regarding this payment.

TWO HUDSON PLACE, FIFTH FLOOR
HOBOKEN, NJ 07030-5502
TEL: 201-714-5443
FAX: 201-217-1109

The claim for payment for the work performed to date for which your firm has not been paid by the US Postal Service is denied. These relate to the 500 KVA Electrical Substation - $3,820 and the work performed from April to Mid-May - $35,920.
The Surety requested in writing that all future payments because of outstanding claims against this contract be paid to them and not Selpa Construction. Since your firm, Scotiabank (financial lender) and the Surety were not able to reach a mutual agreement on the distribution of said funds; the payment was withheld pending said agreement. Subsequently, your firm was Terminated-for-Default and all contracted for funds will be used to complete the project.

This is the final decision of the USPS Contracting Officer pursuant to the Contract Dispute Act of the 1978 and clauses B-9 of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States court of Federal Claims within 12 months from the date you receive this decision

If you have any questions, please call me or my C.O.R Robert Manka at #201-714-5443.

Thank you,

Sincerely,

Dane Weir
Contracting Officer

cc: Robert Manka

Two Hudson Place, Fifth Floor
Hoboken, NJ 07030-5502
Tel: 201-714-5447
Fax: 201-217-1109

NEW YORK FACILITIES SERVICE OFFICE

UNITED STATES POSTAL SERVICE

December 1, 2003

Mr. Luis G. Selpa, Jr., General Manager
Selpa Construction & Rental Equipment Corp.
P.O. Box 3089
Carolina, PR 00984-3089

Certified Mail #7000 0600 0022 9847 0285

RE: Extended Overhead & Profit Claim
New Construction Owned Project
Fajardo, PR Main Post Office
Contract No: 332495-00-B-0221.

Dear Mr. Selpa,

This letter is in response to your claim dated October 25, 2003. After having given a thorough consideration, my final decision, as a Contracting Officer, is that your claim is rejected in its entirety.

Your claim lists four delay periods. The claim states that the above project was delayed/ paralyzed due to various factors (drawing errors, structural deficiencies, analysis & resolution delays) resulting in prolonged waiting delays, but the USPS granted compensation and/ or time extensions for all those delays. All were concurrent delays for an overall indicated delay total of 161 days. Your contract was extended five hundred-sixty-three (563) calendar days as documented in the attached Modifications #M01 through #M08 for this project.

My decision is based on the following:

a) The schedule developed by Selpa Construction dated 2/14/2001 and approved by myself established 11/11/2001 as the contract completion date for this project.
b) The original project completion date of 11/11/2001 was jeopardized due to the site's poor soil conditions. The USPS issued Modification #M01 for the above soil remediation work at a cost of $99,341.44 (inclusive of an 18 calendar day time extension changing the project's completion date to 11/29/2001). This modification was signed by both parties and provides complete satisfaction for all direct costs, indirect costs, impact and delay costs. Modification #M02 addressed the structural and floor concerns and was again mutually approved upon at a price of $82,407.34 and an additional contract time extension of 64 calendar days. To correct for accumulated delays affecting the overall project an additional time extension of three hundred-thirty-two (332) calendar days was mutually agreed to again compensating for all direct costs, indirect costs, impact and delay costs – Modification #M05. Finally, in a good faith effort an additional ninety-three (93) calendar day time

TWO HUDSON PLACE, FIFTH FLOOR
HOBOKEN, NJ 07030-5502
TEL: 201-714-5443
FAX: 201-217-1109

extension was granted to your firm to allow you the opportunity to complete the construction of the facility – Modification #M08.

In conclusion your claim for extended Overhead & Profit is denied.

This is the final decision of the USPS Contracting Officer pursuant to the Contract Dispute Act of the 1978 and clauses B-9 of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within 12 months from the date you receive this decision

If you have any questions, please call me or my C.O.R Robert Manka at #201-714-5443.

Thank you,
Sincerely,

Dane Weir,
Contracting Officer

cc: Robert Manka

Two Hudson Place, Fifth Floor
Hoboken, NJ 07030-5508
Tel: 201-714-5447
Fax: 201-217-1109

DOC ... 5145 JZA/C
'04 ...
USPS ...

BEFORE THE UNITES STATES POSTAL SERVICES
BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of | * | February 25, 2004 |
| | * | |
| SELPA CONSTRUCTION & RENTAL CORPORATION | * | |
| | * | |
| | * | |
| | * | |
| Under Contract No. 332495-00-B-0221 | * | PSBCA No. 5039 |

**NOTICE OF APPEAL (Status Report)**

Selpa Construction & Rental Corporation (Appellant), for its Complaint against the United States of America acting through the US Postal Services, alleges upon information and belief as follows:

1. Selpa Construction & Rental Corp. is a domestic corporation, with its principal place of business at San Juan, Puerto Rico At all times relevant hereto, Apellant was engaged in the business of general contractor and is properly licensed to transact business in Puerto Rico.

2. The United States of America in this matter is the United States Postal Services, NY Facilities Service Office -2 Hudson Place- 5th floor- Hoboken , NJ.

3. Jurisdiction is vested in the United States Postal Services Board of Contract Appeals over this appeal of the Contracting Office's denial of Appellant's claim in accordance with the Contract Disputes Act of 1978, 41 U.S.C. 601 *et seq.*

4. Apellant was awarded Contract No.332495-00-B-0221 on the date of February 14,2001 in the amount of Two Million Two Hundred Eighty Eight thousand dollars ($ 2,268,000.00 ) for the renovation and expansion of a Postal Owned structure into a 17,300 sq ft. In Fajardo, Puerto Rico.

5. The Contract incorporates by reference certain FAR clauses for fixed price/cost contracts as specifically stated in the Contract.

6. A dispute between the parties arose regarding the following:

**A.) Unpaid amount of money for works performed on April / May 2003 as per certification.**

***AMOUNT CLAIM..........................................................$ 35,920.00***

Status Report
(page 2)

B) **Requested Change Orders duly certified / not paid**

***AMOUNT CLAIM..........................................................$ 18,757.00***

C) **Claim for a disbursed paycheck/ payment stopped by USPS**

***AMOUNT CLAIM..........................................................$ 109,299.50***

D) **Claim for an Extended Overhead & Profit**

***AMOUNT CLAIM..........................................................$ 424,850.25***

7. On September 18,2003, The Appellant submitted a certified claim and a detailed request for all these items.

8. By final decision dated December 1,2003, the Contracting Officer denied The Appellant's claim on those claims, issuing only a Modification in the amount of $ 4,105.88 (change orders in accoustical ceiling tiles, unistructs in the mailboxes area, railings and the construction of a new fascia)

9. By all these facts, Appellant is appealing the Contracting Officer's final decision, regarding this, as dated.December 1, 2003

Respectfully submitted,

Luis Guillermo Selpa Jr
General Manager

cf: Mr. Dane Weir
USPS - Contracting Officer

Juan Mendez Solis
Attorney at Law

RECEIVED
OCT - 8 2004
LAW DEPARTMENT
ST. LOUIS OFFICE

UNITED STATES
POSTAL SERVICE

BOARD OF CONTRACT APPEALS

2101 WILSON BOULEVARD, SUITE 600
ARLINGTON VA 22201-3078
703-812-1900 FAX: 703-812-1901

| | | |
|---|---|---|
| Appeals of<br><br>SELPA CONSTRUCTION & RENTAL<br>CORPORATION<br><br>Under Contract No. 332495-00-B-0221 | ) | October 5, 2004<br><br>PSBCA Nos. 5039, 5142 and 5145 |

**ORDER**

As discussed in the telephone conference of October 15, 2003, contract claims submitted to the contracting officer that exceed $100,000 must be certified as provided in section d.(2) of the contract's Claims and Disputes clause. The appeal file reflects that a certification was submitted with Appellant's October 19, 2003 claim for the cost of additional work allegedly performed on the Fajardo Post Office project (Tab 204; PSBCA No. 5142). However, the tab for the October 25, 2003 extended overhead claim, which exceeds $100,000, does not contain a certification (Tab 206; PSBCA No. 5145). That the contracting officer considered and denied the claim does not give the Board jurisdiction of a claim exceeding $100,000 that was not certified when submitted.

The Board has attempted to set up a telephone conference to discuss this matter but has been unable to reach Mr. Luis Selpa, Jr., Appellant's representative. Appellant is to contact the Board ((703) 812-1919) immediately and provide a telephone number where Mr. Selpa can be reached and times when he will be

available for a conference. If a certification of the extended overhead claim was submitted with the claim, a copy of that certification is to be provided to the Board within five days after receipt of this Order.

Norman D. Menegat
Administrative Judge
Board Member

November 10, 2004.

**Mr. Dane A. Weir**
**Contracting Officer - U.S.P.S.**
NY Fac. Service Ofc.
Two Hudson Place - 5 th floor
Hoboken, NJ,, 07030

Re: Claim for an Extended Overhead & Profit

Dear Mr Weir:

According to the instructions given by Administrative Judge Norman D. Menegat, based on our telephone conference held on October 22, 2004, we are sending you again our claim for Extended Overhead & Profit compensation regarding the Fajardo Main Post Office New Construction Owned project with Contract Number 332495-00-0221. That claim was originally submitted for your consideration on July 2003.

The contract for the construction of the forementioned project was awarded to Selpa Construction Corp. on February 6, 2001. The Notice to Proceed (NTP), became effective on February 14, 2001.

Nevertheless, and due to several factors unknown and out of the control of the Contractor (Selpa Construction Corp), the Fajardo USPS construction project was almost paralyzed from the beginning, allowing Selpa to work just on some of the site / building areas, only to be stopped by the USPS or their representatives in those same areas just weeks later, after finding new problems in those areas. This situation lasted for more than 6 months.until it was slowly solved by phases; after USPS or their representatives approved: procedures, prices for the change orders and / or budget to authorized them.

000001

Extended Overhead & Profit Claim
(page 2)

This situation involved time delays and additional costs and expenses not figured nor contemplated in the project original quotation. Some of the factors known by all the parties involved in this situation were :

1. Waiting time to discuss serious mistakes found by Selpa Construction Corp. in the drawings of the project at the beginning of the project and notified to U.S.P.S. or their representatives ( Erwin Rodriguez & Assoc.- Contracted Inspection of the Project in Puerto Rico and /or U.R.S., the designers of the project ) in the weekly meetings or when Mr. Robert Manka, COR of the USPS for this project, visited the project every month.

2. Problems with the structural drawings designs that not matched with the existing structure on site. Those problems were found in the first weeks after we started the demolition and excavation process.

3. Waiting time from U.S.P.S. , U.R.S., and Erwin Rodriguez & Assoc., USPS's contracted inspection for the project, to analyze those problems found, paralyzing the construction process,

4. Abnormal waiting time from U.S.P.S. , U.R.S., and Erwin Rodriguez & Assoc, to find solutions to those mistakes / problems found.

5. After that, waiting time for possible solutions suggested by Selpa Construction to try to restart the works without affecting the time schedule.

6. Waiting time with no answer for the approval of the Modification/ Change Orders once Selpa has submitted the cost options to USPS office.

7. Long waiting time from USPS for the approval of the funds (budget) to perform some of the critical change orders / modifications necessary to develop the works in the forementioned project.

8. Waiting time from USPS to authorize Selpa Construction Corp. to start the works.

000002

Extended Overhead & Profit Claim
(page 3)

Enclosed you will find copies of documents, letters, weekly meetings minutes and others to support our claim. We hope to hear from you very soon about this issue.

Respectfully,

Luis Guillermo Selpa Jr

Luis G. Selpa Jr
General Manager

000003

NEW YORK FACILITIES SERVICES OFFICE

UNITED STATES POSTAL SERVICE

December 22, 2004

Delivery Confirmation No: 0304 1560 0002 9285 6658

Mr. Luis G. Selpa, Jr.
General Manager
Selpa Construction & Rental Equipment Corp.
P.O. Box 3089
Carolina, PR 00984-3089

Re: Extended Overhead & Profit Claim
New Construction Owned Project
Fajardo, PR Main Post Office
Contract No.: 332495-00-B-0021

Dear Mr. Selpa:

This letter is in response to your undated certified claim postmarked December 17, 2004, received in our office the week of December 20, 2004. After having given a thorough consideration, my final decision, as a Contracting Officer, is that your claim is rejected in its entirety.

Your claim lists four delay periods. The claim states that the above project was delayed/paralyzed due to various factors (drawing errors, structural deficiencies, analysis & resolution delays) resulting in prolonged waiting delays, but the USPS granted compensation and/or time extensions for all those delays. All were concurrent delays for an overall indicated delay total of 161 days. Your contract was extended five hundred-sixty-three (563) calendar days as documented in the attached Modifications #M01 through #M08 for this project.

My decision is based on the following:

a) The schedule developed by Selpa Construction dated 2/14/2001 and approved by myself established 11/11/2001 as the contract completion date for this project.

b) The original project completion date of 11/11/2001 was jeopardized due to the site's poor soil conditions. The USPS issued Modification #M01 for the above soil remediation work at a cost of $99,341.44 (inclusive of an 18 calendar day time extension changing the project's completion date to 11/29/2001). This modification was signed by both parties and provides complete satisfaction for all direct costs, indirect costs, impact and delay costs. Modification #M02 addressed the

TWO HUDSON PLACE, FIFTH FLOOR
HOBOKEN, NJ 07030-5502
TEL: 201-714-5447
FAX: 201-217-1109

000001

structural and floor concerns and was again mutually approved upon at a price of $82,407.34 and an additional contract time extension of 64 calendar days. To correct for accumulated delays affecting the overall project an additional time extension of three hundred-thirty-two (332) calendar days was mutually agreed to again compensating for all direct costs, indirect costs, impact and delay costs – Modification #M05. Finally, in a good faith effort an additional ninety-three (93) calendar day time extension was granted to your firm to allow you the opportunity to complete the construction of the facility – Modification #M08.

In conclusion your claim for extended Overhead & Profit is denied.

This is the final decision of the USPS Contracting Officer pursuant to the Contract Dispute Act of the 1978 and clauses B-9 of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within 12 months from the date your receive this decision.

If you have any questions, please call me or my C.O.R. Robert Manka at #201-714-5443.

Thank you,

Sincerely,

Dane Weir
Contracting Officer

Enclosures

cc: Robert Manka
Barbara H. Frazier

000002